IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, DAVID SNELTEN, STEVEN M. CISCO, JOHN E. KENNY, JR., DAVID FAGAN, MAMON POWERS, JR., MIKE PIRAINO, GLEN WEEKS, JAMES M. SWEENEY, and MARSHALL DOUGLAS, as Trustees of the MIDWEST OPERATING ENGINEERS WELFARE FUND, ) ) ) ) ) ) ) ) | |
| WILLIAM E. DUGAN, STEVEN M. CISCO, JOHN E. KENNY, JR., LaVERNE S. BROWN, ANGELO A. DiPAOLO, DAVID SNELTEN, MIKE LARSON, DAVID FAGAN, JAMES M. SWEENEY, and JAMES MCNALLY, as Trustees of the MIDWEST OPERATING ENGINEERS PENSION TRUST FUND, ) ) ) ) ) ) ) ) ) | CIVIL ACTION |
| WILLIAM E. DUGAN, STEVEN M. CISCO, JOHN E. KENNY, JR., LaVERNE S. BROWN, DAVID FAGAN, DAVID ROCK, MAMON POWERS, JR., DAVID SNELTEN, DANIEL R. PLOTE, JAMES M. SWEENEY, MARSHALL DOUGLAS and MARTIN TUREK, as Trustees of the OPERATING ENGINEERS LOCAL 150 APPRENTICESHIP FUND, ) ) ) ) ) ) ) ) ) ) | NO.  08 C 2069  JUDGE AMY J. ST. EVE |
| WILLIAM E. DUGAN, STEVEN M. CISCO, JOHN E. KENNY, JR., LaVERNE S. BROWN, ANGELO A. DiPAOLO, DAVID SNELTEN, JAMES M. SWEENEY, DAVID FAGAN and JAMES MCNALLY, as Trustees of the LOCAL 150, I.U.O.E. VACATION SAVINGS PLAN, ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | |
| vs. ) | |
| SHEA'S IRON WORKS, INC., an Illinois Corporation, ) ) | |
| Defendant. ) | |

**AMENDED COMPLAINT**

The Plaintiffs, WILLIAM E. DUGAN, DAVID SNELTEN, STEVEN M. CISCO, JOHN E. KENNY, JR., DAVID FAGAN, MAMON POWERS, JR., MIKE PIRAINO, GLENN WEEKS, JAMES M. SWEENEY, and MARSHALL DOUGLAS, as Trustees of the MIDWEST OPERATING

ENGINEERS WELFARE FUND; WILLIAM E. DUGAN, STEVEN M. CISCO, JOHN E. KENNY, JR., LaVERNE S. BROWN, ANGELO A. DiPAOLO, DAVID SNELTEN, MIKE LARSON, DAVID FAGAN, JAMES M. SWEENEY, and JAMES MCNALLY, as Trustees of the MIDWEST OPERATING ENGINEERS PENSION TRUST FUND; WILLIAM E. DUGAN, STEVEN M. CISCO, JOHN E. KENNY, JR., LaVERNE S. BROWN, DAVID FAGAN, DAVID ROCK, MAMON POWERS, JR., DAVID SNELTEN, DANIEL R. PLOTE, JAMES M. SWEENEY, MARSHALL DOUGLAS and MARTIN TUREK, as Trustees of the OPERATING ENGINEERS LOCAL 150 APPRENTICESHIP FUND; and WILLIAM E. DUGAN, STEVEN M. CISCO, JOHN E. KENNY, JR., LaVERNE S. BROWN, ANGELO A. DiPAOLO, DAVID SNELTEN, JAMES M. SWEENEY, DAVID FAGAN and JAMES MCNALLY, as Trustees of the LOCAL 150, I.U.O.E. VACATION SAVINGS PLAN, by their attorneys, complaining of the Defendant, SHEA'S IRON WORKS, INC., an Illinois corporation, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs bring this action in their capacity as Trustees of the MIDWEST OPERATING ENGINEERS WELFARE FUND, MIDWEST OPERATING ENGINEERS PENSION TRUST FUND, OPERATING ENGINEERS LOCAL 150 APPRENTICESHIP FUND and LOCAL 150 I.U.O.E. VACATION SAVINGS PLAN, which are "employee welfare benefit plans" and "plans" within the meaning of ERISA, Plaintiffs being the now acting Fiduciaries thereof administering said Plans within this district.

3.     Upon information and belief, Defendant Shea's Iron Works, Inc. ("Shea's"), Northwestern Steel Construction Co., and Shea's Iron Erection Co. were related entities. Upon information and belief, the corporations shared officers, employees, equipment, and were operated out of the same location at various times during Northwestern Steel Construction Co.'s and Shea's Iron Erection Co.' existence.

4.     Upon information and belief, Defendant Shea's is now a successor to Northwestern Steel Construction Co. which is no longer in business. Defendant Shea's is liable as a successor to Northwestern Steel Construction Co. for certain of Northwestern Steel Construction Co.'s obligations to Plaintiffs pursuant to governing federal common law as a consequence of the continuity of the business from Northwestern Steel Construction Co. to Defendant Shea's., and the fact that Defendant Shea's undertook to continue the business of Northwestern Steel Construction Co. with knowledge of Northwestern Steel Construction Co.'s liability to the Plaintiffs. Accordingly, Shea's is an "Employer" within the meaning of ERISA, as a successor corporation to Northwestern Steel Construction Co. and is obligated to make fringe benefit contributions to Plaintiff Funds under the terms of the Agreements and Declarations of Trust pursuant to terms of the Collective Bargaining Agreements in effect between Northwestern Steel Construction Co. and Local 150 of the International Union of Operating Engineers, AFL-CIO.

5.     Upon information and belief, Defendant, Shea's is a successor to Shea's Iron Erection Co. which is no longer doing business. Defendant Shea's is liable as a successor to Shea's Iron Erection Co. for certain of Shea's Iron Erection Co.'s obligations to Plaintiffs pursuant to governing federal common law as a consequence of the continuity of the business from Shea's Iron Erection Co. to

Defendant Shea's., and the fact that Defendant Shea's undertook to continue the business of Shea's Iron Erection Co. with knowledge of Shea's Iron Erection Co.'s liability to the Plaintiffs. Accordingly, Shea's is an "Employer" within the meaning of ERISA, as a successor corporation to Shea's Iron Erection Co. and is obligated to make fringe benefit contributions to Plaintiff Funds under the terms of the Agreements and Declarations of Trust pursuant to terms of the Collective Bargaining Agreements in effect between Shea's Iron Erection Co. and Local 150 of the International Union of Operating Engineers, AFL-CIO.

6. Defendant Shea's is an Illinois corporation liable for obligations of Northwestern Steel Construction Co. and Shea's Iron Erection Co. pursuant to signed collective bargaining agreements with Local 150, of the International Union of Operating Engineers. The collective bargaining agreements adopt the Agreements and Declarations of Trust, establishing and outlining the administration of the Midwest Operating Engineers Fringe Benefit Funds and requiring Northwestern Steel Construction Co. and Shea's Iron Erection Co., and, therefore, Shea's to make fringe benefit contributions to the Funds.

7. Ryan Shea is the Secretary of Shea's and was President of Northwestern Steel Construction Co.

8. Ryan Shea's mother, Judith Shea, is currently the President of Shea's. Upon information and belief, Richard Shea, Judith Shea's husband, was President of Shea's prior to his death. Richard Shea was also the owner of Shea's Iron Erection Co., sole proprietor.

9. Upon information and belief, Defendant Shea's has represented itself as signatory to the collective bargaining agreement with Local 150 as a result of its relationships to Northwestern Steel

Construction Co. and Shea's Iron Erection Co. for the purpose of obtaining contracts meant for signatory employers.

10. As an Employer obligated to make fringe benefit contributions to Plaintiffs under the Agreements and Declarations of Trust, Defendant is specifically required to do the following:

(a) To submit for each month a report stating the names, Social Security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or, if no such persons are employed, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable Collective Bargaining Agreement or Agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing the same to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of ten (10%) percent of any and all contributions which are not received by Plaintiffs for a particular month prior to the 10th day of the succeeding month, or the sum of twenty (20%) percent of such contributions as liquidated damages should there be further delay in payment as necessitates the filing of a lawsuit by Plaintiffs against Defendant;

(e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required by it to be made to Plaintiffs;

(f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

11. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the Plans in the following respect:

Defendant has failed and refused to permit Plaintiffs' auditors to review its various payroll records in order to verify the accuracy of its past reporting and to determine what additional contributions, if any, may be due the Plaintiffs.

12. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, the total amount due is unknown, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

13. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

14. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A. That an account be taken as to all employees of Defendant covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

B. That Defendant be enjoined and ordered to submit all delinquent monthly Contribution Reports to Plaintiffs stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

C. That Judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

D. That Defendant be permanently enjoined to perform specifically its obligations to Plaintiffs, and in particular, to continue submitting the required reports and contributions due thereon to Plaintiffs in a timely fashion as required by the plans and by ERISA;

  E. That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

                /s/   Cecilia M. Scanlon

Catherine M. Chapman
Beverly P. Alfon
Cecilia M. Scanlon
Attorneys for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com
I:\MOEJ\Shea's Iron\amended complaint.cms.kp.wpd