IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. DUGAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 08 C 2069 |
| | ) | |
| SHEA'S IRON WORKS, INC., | ) | JUDGE AMY J. ST. EVE |
| an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR
THE LIMITED PURPOSE OF ENFORCING THE
TERMS OF A SETTLEMENT AGREEMENT AND RELEASE
AND ENTERING JUDGMENT AGAINST DEFENDANT**

NOW COME Plaintiffs, WILLIAM E. DUGAN, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of a Settlement Agreement and Release entered into between the parties. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Midwest Operating Engineers Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with the International Union of Operating Engineers, Local 150, AFL-CIO, and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff

Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On March 26, 2010, an Agreed Order of Dismissal incorporating the terms for settlement agreed to by the parties in the Settlement Agreement and Release was entered by this Court (a copy of the Agreed Order of Dismissal is attached as Exhibit A).

3. The Court dismissed this cause of action without prejudice and with leave to reinstate the case on or before November 15, 2011 for the purpose of enforcing the Settlement Agreement and Release (a copy of the Settlement Agreement and Release is attached as Exhibit B).

4. Pursuant to Paragraph 1 "Payment" of the Settlement Agreement and Release, Defendant agreed to make monthly payments of $1,000.00 each for 20 months, for a total of $20,000.00, beginning April 1, 2010.

5. In the event Defendant defaults in the remittance of its monthly payments of $1,000.00 to Plaintiffs, Defendant is allowed 14 days to cure its default.

6. Although under no obligation to do so, on June 21, 2011, Plaintiffs' counsel wrote to Defendant's counsel regarding the failure of the Defendant to abide by the terms of the Settlement Agreement and Release. Specifically, Defendant failed to submit its $1,000.00 monthly payments due on May 1, 2011 and June 1, 2011 (a copy of the June 21, 2011 letter from Plaintiffs' counsel to Defendant's counsel is attached as Exhibit C).

7. On July 14, 2011, Plaintiffs' counsel received a payment of $1,500.00 from Defendant representing its 14th installment due on May 1, 2011 and one-half of the 15th installment due on June 1, 2011. To date, Defendant has not submitted the remaining $500.00 due toward the

15th installment due on June 1, 2011 and has not submitted the 16th installment due on July 1, 2011, as described in Paragraph 5 above.

8.  For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Settlement Agreement and Release and entering judgment against the Defendant. Specifically, Plaintiffs request:

- A. That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $5,500.00, being the total amount remaining due pursuant to the Settlement Agreement and Release;

- B. That judgment be entered in favor of Plaintiffs and against Defendant to include an additional $300.00 in attorneys' fees incurred by the Plaintiffs in the preparation and presentment of their Motion to Reopen;

- C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/ Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\MOEJ\Shea's Iron\motion-reinstate.cms.df.wpd

# CERTIFICATE OF SERVICE

       The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document, **Motion**, with the Clerk of Court using the CM/ECF system, which will send an e-mail notification of such filing to the following:

Burr E. Anderson
Anderson Law Offices
223 W. Jackson Blvd., Suite 1100
Chicago, IL  60606
burranderson@AndersonLawIL.com

       /s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\MOEJ\Shea's Iron\motion-reinstate.cms.df.wpd